IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| ERIN GREEN<br>518 Northfield Road, #101<br>Bedford, Ohio  44146<br><br>and<br><br>CHRIS GREEN<br>518 Northfield Road, #101<br>Bedford, Ohio  44146<br><br>Plaintiffs<br><br>v.<br><br>MP BIOMEDICALS<br>29525 Fountain Parkway<br>Solon, Ohio  44139<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br><br><br><br><br><br><br><br><br>**COMPLAINT AND JURY DEMAND** |

Complaint
TIMOTHY J MCGINTY
CV 10 724362

Now come the plaintiffs, by and through counsel, and for their complaint against defendant, avers and states as follows:

CV10724362               62756626



$ 100.00 RECEIVED

APR 16 2010

SECURE COSTS
GERALD E. FUERST, Clerk of Courts
PER _____ DEPUTY

## JURISDICTION

1. This Honorable Court has jurisdiction over the claims in the within action pursuant to 29 U.S.C. §2617(a)(2).

## VENUE

2. This Honorable Court has venue over the claims in the within action pursuant to Rules 3(B)(3) and (6) of the Ohio Rules of Civil Procedure in that defendants MP Biomedical and unnamed defendants John and/or Jane Does conducted activity which gave rise to plaintiff's claims for relief in and within Cuyahoga County, Ohio, and some or all of plaintiff's claims for relief arose in and within Cuyahoga County, Ohio.

## PARTIES

3. Plaintiff Erin Green was and is a resident of the City of Bedford, County of Cuyahoga, State of Ohio, who was employed by defendant MP Biomedical as a "labeler." Plaintiff Erin Green was an "eligible employee" of defendant MP Biomedical within the meaning of 29 U.S.C. §2611(2).

4. Plaintiff Chris Green was and is a resident of the City of Bedford, County of Cuyahoga, State of Ohio, who was employed by defendant MP Biomedical as an "order picker." Plaintiff Chris Green was an "eligible employee" of defendant MP Biomedical within the meaning of 29 U.S.C. §2611(2).

5. Plaintiff Erin Green and Chris Green, during all times relevant hereto, are and were husband and wife.

6. Defendant MP Biomedical, during all times relevant hereto was and is an "employer" within the meaning of 29 U.S.C. §2611(4).

## SUMMARY OF FACTS

7. The allegations set forth in Paragraphs One through Six of Plaintiffs' Complaint and Jury Demand are incorporated as if fully rewritten herein.

8. On or about February 16, 2009, while at work, plaintiff Erin Green noticed that her hand and forearm had turned a purple-ish color and was cold and clammy. Plaintiff Erin Green showed her hand and forearm to her supervisor, Connie Mitchell, who told plaintiff Erin Green to go to the emergency room and get examined.

9. Plaintiff Erin Green subsequently reported to the emergency room at Bedford Hospital to have her hand and forearm examined. Plaintiff was admitted to the hospital that evening and held for further examination of her hand and forearm.

10. At approximately 9:00 or 10:00 P.M. on the evening of February 16, 2009, plaintiff Erin Green called Connie Mitchell on her cell phone and left a message for her stating that she had been admitted to the hospital.

11. The following morning, plaintiff Chris Green also advised Connie Mitchell that plaintiff Erin Green had been admitted to the hospital.

12. Plaintiff Erin Green remained hospitalized in two different hospitals through February 23, 2009.

13. During the course of plaintiff Erin Green's hospitalization, husband and plaintiff Chris Green kept Connie Mitchell updated on a daily basis regarding plaintiff Erin Green's hospitalization.

14. The condition for which plaintiff Erin Green was hospitalized and treated constituted a "serious health condition" as defined by the Family and Medical Leave Act because

it required plaintiff Erin Green to be hospitalized and to be incapacitated for a period of time that exceeded three consecutive, full calendar days.

15. In the twelve-month period prior to her hospitalization, plaintiff Erin Green had been employed by defendant MP Biomedicals, for more than one year and had worked more than 1,250 hours.

16. Defendant MP Biomedicals, during all times relevant hereto, had more then 50 employees working within a 75-mile radius of the situs of plaintiffs' employment.

17. Plaintiff Erin Green was entitled to up to 12 weeks' medical leave to receive treatment for and recover from her serious health condition.

18. Defendant MP Biomedicals terminated plaintiff Erin Green from her employment effective February 18, 2009, contending that plaintiff Erin Green had failed to properly call in to report her absences while she was hospitalized, even though regulations enacted by the U.S. Department of Labor implementing the Family and Medical Leave Act specifically permit spouses and other family members to call in on an employee's behalf.

19. On multiple occasions following the termination of his wife Erin Green's employment from defendant MP Biomedicals, plaintiff Chris Green protested the termination of her employment because of her hospitalization.

20. In protesting the termination of his wife Erin Green's employment from defendant MP Biomedicals, plaintiff Chris Green engaged in activity protected by The Family and Medical Leave Act, 29 U.S.C. §2615(a)(2).

21. Plaintiff Chris Green was subsequently terminated from his employment with defendant MP Biomedicals on or about May 14, 2009.

## FIRST CLAIM FOR RELIEF
### (Denial of Leave and Reinstatement Rights – Plaintiff Erin Green)

22. The allegations set forth in Paragraphs One through Twenty-One of plaintiffs' Complaint and Jury Demand are incorporated as if fully rewritten herein.

23. The acts and omissions of defendant MP Biomedicals described herein constituted a denial of plaintiff Erin Green's right to leave for treatment of her serious health conditions and interference with plaintiff Erin Green's leave and reinstatement rights provided to her under the Family And Medical Leave Act.

24. The acts and omissions of the defendant MP Biomedicals described herein further constituted retaliation against plaintiff Erin Green for exercising her rights under the Family and Medical Leave act to take leave and receive medical treatment for her serious medical conditions.

25. The actions of defendant MP Biomedicals described herein further were not done in good faith or with a reasonable belief that they were in compliance with the Family and Medical Leave Act, thereby entitling plaintiff Erin Green to recover liquidated damages in accordance with 29 U.S.C. §2617(a)(1)(A)(iii).

**WHEREFORE**, plaintiff Erin Green demands damages against defendant as follows:

   a. Compensatory damages in the amount of lost wages, salary, benefits and other lost compensation, in an amount to be determined at the trial of the within action, plus interest;

   b. Equitable relief, including but not limited to reinstatement to her position with defendant or, in the alternative, front pay in an amount to be determined at the trial of the within action;

   c. Liquidated damages in an amount equal to all compensatory damages and lost wages;

   d. Costs, including reasonable attorney's fees and reasonable expert witness fees, incurred in maintaining this action; and

  e.  Such other legal and equitable relief as this Honorable Court deems just and reasonable.

## SECOND CLAIM FOR RELIEF
### (Retaliation and Wrongful Termination – Plaintiff Chris Green)

26. The allegations set forth in Paragraphs One through Twenty-Five of plaintiffs' Complaint and Jury Demand are incorporated as if fully rewritten herein.

27. The acts and omissions of the defendant MP Biomedicals described herein further constituted retaliation against plaintiff Chris Green for exercising his rights under The Family and Medical Leave Act to protest the unlawful termination of his wife while she was hospitalized for a protected serious health condition which entitled her to leave and reinstatement under The Family and Medical Leave Act.

28. The actions of defendant MP Biomedicals described herein further were not done in good faith or with a reasonable belief that they were in compliance with the Family and Medical Leave Act, thereby entitling plaintiff Chris Green to recover liquidated damages in accordance with 29 U.S.C. §2617(a)(1)(A)(iii).

**WHEREFORE**, plaintiff Chris Green demands damages against defendant as follows:

  a.  Compensatory damages in the amount of lost wages, salary, benefits and other lost compensation, in an amount to be determined at the trial of the within action, plus interest;

  b.  Equitable relief, including but not limited to reinstatement to his position with defendant or, in the alternative, front pay in an amount to be determined at the trial of the within action;

  c.  Liquidated damages in an amount equal to all compensatory damages and lost wages;

  d.  Costs, including reasonable attorney's fees and reasonable expert witness fees, incurred in maintaining this action; and

  e.  Such other legal and equitable relief as this Honorable Court deems just and reasonable.

Respectfully Submitted,

*[signature]*

Mark P. Herron (0051998)
55 Public Square, Suite 650
Cleveland, Ohio 44113
(216) 621-9721 FAX (216) 621-6006
email: herronlaw@msn.com

Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims so triable.

_____
Mark P. Herron